## NEW–YORK COMMON PLEAS.

JOSE DE SILVA MARIA FERREIRA agt. WILLIAM DEPEW.

A power of attorney given by one partner residing abroad to another residing here, authorizing the latter " to transact all the former's business in the city of New-York, of whatsoever name, nature or description the same might be, whether relating to him as a member of the firm or in his individual capacity," does not confer an authority to assign all his individual property to a trustee for the payment of his debts.

Whether it gives authority to sign the absent partner's name to a general assignment of the partnership effects for the benefit of creditors, *quœre*.

A power of attorney always receives a strict interpretation.

A power of attorney given by a man to his wife, simply saying that he appoints her his attorney, without stating for what specific purpose or object, but adding, with full power and authority to do whatever he might do in the premises, ratifying and confirming all that she might lawfully do by virtue of the power, is authority sufficient to authorize her to release an action brought by her husband, the plaintiff, against the defendant.

*New-York Special Term, June,* 1859.

DALY, J. The defendant applies for an order discontinuing this suit, and produces a release of all claim and demand against the defendant in this action. executed by the wife of the plaintiff, by virtue of a power of attorney from her husband, who is now in Portugal. The application is resisted by Louis De La Figaniere, upon the ground that the plaintiff was formerly a member of the firm of Figaniere, Reis & Co. ; that while he was a member of that firm he gave C. H. S. Figaniere, one of the firm, a power of attorney to transact all his business in the city of New-York, of whatsoever name, nature or description the same might be, whether relating to him as a member of the firm of Figaniere, Reis & Co., or in his individual capacity, and that the firm of Figaniere, Reis & Co. failed, and made a general assignment of the property of the firm and of the individual property of each member, for the benefit of creditors, to Louis Figaniere. The assignment was executed by each of the partners, three of them executing it in

person, and C. H. S. De La Figaniere, in virtue of the above power, executing it in behalf of the plaintiff, who was then in Portugal. After the assignment, Louis De La Figaniere gave notice of the assignment of the claim in this action to him, which notice was given before the execution of the release, and he claims that the suit is now prosecuted for him, as assignee, for the benefit of creditors. The suit is for a claim belonging to the plaintiff individually.

If the power given to C. H. S. De La Figaniere was sufficient to entitle him to bind the plaintiff by a general assignment of the property of the firm for the benefit of the creditors, which I am inclined to doubt, it cannot in my judgment be extended so far as to entitle him to assign all the individual property of the plaintiff to a trustee for the payment of his debts—a power of attorney always receives a strict interpretation, and it would be giving to the authority conferred upon C. H. S. De La Figaniere to transact all the plaintiff's business in the city of New-York, of whatsoever name, nature or description, a very extensive signification, to hold that it conferred upon the attorney the right to transfer all the plaintiff's property to the trustee for the payment of his debts; and the words do not in my opinion create a power so extensive. (*Atwood* agt. *Manning*, 7 *B. & C.* 278; *Hogg* agt. *Smith*, 1 *Taunt.* 347; *Paley on Agency*, 192.)

The power given by the plaintiff to his wife is very loosely expressed. It simply appoints her his attorney, with the general clause giving her full power and authority to do whatever he might do " in the premises," ratifying and confirming all that she can lawfully do by virtue of the power. I think, however, that it is sufficient to authorize her to release this action. It is as general as it can possibly be, and unless it is to have no effect at all, and confers no power of any kind, which I am not prepared to hold, it would authorize such an act as she has done.

The motion must be granted.